From: The District Court of the Eighth Judicial District. County of Cascade.

STATE OF MONTANA, Plaintiff, vs. GEORGE PETER MASTEL, Defendant.

NO. 5038B

## DECISION

The application of the above-named defendant for a review of the sentence of twenty years for lewd and lascivious acts upon a child, imposed on August 23, 1961, was fully heard and after a careful consideration of the entire matter it is decided that:

The last five years of the sentence be suspended and during that period of time the defendant be placed under the supervision and control of the State Board of Pardons subject to all of its rules and regulations.

While it is true that the presumption is that the sentencing judge was correct in his determination, and it is true that the maximum sentence for this crime is 25 years, nevertheless, it appears to this Court that the interests of justice, the individual, the crime, and the sentencing goals kept in mind, would be just as well served by making possible an earlier release of this defendant with a period of his sentence remaining for supervision. Further, the sentence was imposed within a few months after the Legislature increased the penalty from 5 years to 25 years, and the crime itself appears to have consisted of taking pictures of nude children without other acts.

We thank Douglas Skjelset, Esq., of the Montana Defender Project for his assistance to the defendant and to the Court.

DATED this 29th day of December, 1969.

SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield and Sid G. Stewart.

From: The District Court of the Twelfth Judicial District. County of Blaine.

STATE OF MONTANA, Plaintiff, vs. ROBERT JAMES PASCAL, Defendant.

NO. 862

## DECISION

The application of the above-named defendant for a review of the sentence of three years for grand larceny with 26 days jail time credit, imposed on September 23, 1969, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as originally imposed.

This sentence appears proper, reasonable, and sufficiently lenient, the crime, the individual, and the sentencing goals kept in mind, particularly when it is considered that the defendant has an extensive prior record of criminality. While it well may be that the defendant is in need of treatment for alcoholism, it further appears that he will be eligible for parole consideration in March, 1970.

We thank John Northey, Esq., of the Montana Defender Project for his assistance to the defendant and to the Court.

DATED this 29th day of December, 1969.

SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield and Sid G. Stewart.